IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ALBERTO  ENRIQUE  DAVILA  FUSSA;
PAULA    ANDREA    MONTENEGRO
MORALES

    Debtors

NOREEN    WISCOVITCH    RENTAS,
CHAPTER 7 TRUSTEE

    Plaintiff

        vs.

SANI-PLANT COMPANY, INC.

    Defendant

CASE NO. 17-03075 (ESL)

CHAPTER 7

ADV. PROC. NO. 19-00225 (ESL)

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion for Summary Judgment on Statute of Limitations Grounds* filed by Sani-Plant Company, Inc. (hereinafter referred to as "Sani-Plant" or "Defendant") arguing that the Plaintiff's claims are time-barred pursuant to 11 U.S.C. §108(a) because the Chapter 7 Trustee failed to timely preserve debtors' claims for pre-petition unpaid wages under applicable non-bankruptcy law (Docket No. 29). The Chapter 7 Trustee (hereinafter referred to as "Trustee" or "Plaintiff") filed her *Opposition to Defendant's Motion for Summary Judgment* contending that: (i) discovery is still pending and there are issues of material facts such as whether the transfers made to the Debtors (who have interests in

-1-

Defendant Corporation) were made on account of salaries, debt, or other account; (ii) there are issues of material facts as to the details of certain account receivables owed for the years 2014 and 2015; and (iii) the Defendant's argument would be inapplicable if the transfers made were not on account of wages but based upon some other account such as a debt or if made on account of salaries but for a different period (Docket No. 38). For the reasons stated herein, the court denies the Defendant's *Motion for Summary Judgment* and grants Plaintiff's *Opposition to Motion for Summary Judgment*.

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2)(A), (E). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

## Procedural Background

The Debtor filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code on April 29, 2017 (Lead Case No. 17-03075). The Debtors included in Schedule A/B- Property, in line item #38 an accounts receivable or commissions already earned which they disclosed was for unpaid wages from Sani-Plan[t] with an estimated value or amount that was listed as not available (Lead Case No. 17-03075, Docket No. 13, pg. 12).  On April 30, 2019, the Trustee filed the instant adversary proceeding against Sani-Plant for turnover of property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541, 542 and 543. The property consists of pre-petition account receivables owed by Defendant for alleged unpaid wages in the amount of $7,280.83 (Docket No. 1). On September 4, 2019, the Defendant filed its *Answer to Complaint* (Docket No. 17). On October 17, 2019, the Plaintiff filed a *Motion Requesting Rescheduling of Preliminary Pretrial and Scheduling Conference set for October 25, 2019* (Docket No. 18) and the same was granted (Docket No. 19). On February 14, 2020, the parties filed a *Joint Initial Scheduling Conference*

*Report* (Docket No. 21). On February 21, 2020 a preliminary pretrial hearing was held in which the parties were granted ninety (90) days to conclude discovery, that is June 30, 2020 and one hundred eighty days (180) to file dispositive motions, that is September 30, 2020. Replies are due twenty-one (21) days thereafter. Rule 7026(a)(1) disclosures by March 31, 2020. Property to be recovered is in the amount of $7,280.83 for services rendered pursuant to 11 U.S.C. §§542 & 543 (Docket No. 22).

On June 5, 2020, the Trustee filed an *Informative Motion as to Discovery Served Upon Defendant* (Docket No. 25). On June 5, 2020, the Plaintiff filed a *Motion Requesting Extension until July 31, 2020 to Conclude Discovery* (Docket No. 26) and the same was granted (Docket No. 27).

On July 16, 2020, the Defendant filed a *Motion for Summary Judgment on Statute of Limitations Grounds* contending that there are no material facts in controversy and the Trustee failed to timely toll the applicable statute of limitations under 11 U.S.C. §108(a) to pursue the debtors' claims asserted in this adversary proceeding and therefore, the complaint should be dismissed with prejudice (Docket No. 31). On July 16, 2020, Sani-Plant filed a *Motion for Stay of Discovery until Dispositive Motion is Adjudicated, or in the Alternative Extension of Time to Respond to Discovery* (Docket No. 32). On July 16, 2020, the Court granted the Defendant's motion requesting that discovery be stayed until the motion for summary judgment is adjudicated (Docket No. 34). On July 24, 2020, the Plaintiff filed her *Opposition to Defendant's Motion for Summary Judgment* arguing: (i) that there are issues of material facts such as whether the transfers made to the Debtors (who have interests in Defendant Corporation) were made on account of salaries, debt, or other account; (ii) there are issues of material facts as to the details of certain account receivables owed for the years 2014 and 2015; and (iii) the Defendant's argument would be inapplicable if the transfers made were not on account of wages but based upon some other

-3-

account such as a debt or if made on account of salaries but for a different period (Docket No. 38). On July 24, 2020, the Trustee filed a *Request for Reconsideration of Order Staying Discovery Process* requesting reconsideration contending that adjudicating and/or granting Defendant's *Motion for Summary Judgment* is improper in this adversary proceeding because discovery is still pending and there are genuine issues of material facts (Docket No. 39).

The parties agree that the following material facts are uncontested:

### Uncontested Material Facts

1. Schedule A/B: Property regards "Account receivables or commissions you already earned." The Debtors marked "yes" and entered the following description: "unpaid wages from Sani Plan[t]. The Debtors disclosed that the estimated value or amount was "not available" (Lead Case No. 17-03075; Docket No. 13).

2. At the meeting of creditors held by the Trustee, the Debtors testified that as of the date of the filing of their bankruptcy petition, Defendant Sani-Plant owed Mr. Alberto Dávila and Ms. Paula Montenegro $1,794.40 and $5,466.43, respectively, "for work performed by them" for the benefit of Sani-Plant (Docket No. 31, Exhibit 1).

3. On April 30, 2019, the Trustee filed the instant adversary proceeding for turnover of property of the estate pursuant to 11 U.S.C. §§542 & 543.

### Applicable Law and Analysis

*Motion for Summary Judgment Standard*

The court relies on the following prior decisions when analyzing the summary judgment standard: In re Román-Perez, 527 B.R. 844, 855 – 856, (Bankr. D.P.R. 2015); In re Otero Rivera, 511 B.R. 6 (Bankr. D.P.R. 2014); and In re Lopez, 492 B.R. 595 (Bankr. D.P.R. 2013).

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso,

382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

The summary judgment standard applies to the Defendant of the complaint. For the reasons explained below, the court finds that there are relevant facts in controversy as discussed herein, therefore the Defendant's *Motion for Summary Judgment* is denied.

*11 U.S.C. §108(a) Limitations period*

Section 108(a) establishes the circumstances in which a trustee can bring pre-petition causes of action which a debtor could have pursued by providing as follows:

"(a) if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief." 11 U.S.C. §108(a).

-6-

Therefore, pursuant to section 108(a) any statute of limitations is extended for commencing an action by the debtor for two years after the date of the order for relief, unless under state law it would expire later. "Hence, section 108 clearly allows for the commencement or continuation of an action beyond two years from the order for relief if applicable nonbankruptcy law fixes a time period that extends beyond that two-year limitation. This aspect of section 108(a) incorporates any rule regarding tolling of statutes of limitation that would govern under applicable nonbankruptcy law." Richard Levin & Henry J. Sommer 2 <u>Collier on Bankruptcy</u> ¶108.02[1] (16th ed. 2020). See also; <u>Wiscovitch Rentas v. TRM, LLC</u> (<u>In re Malavet</u>), 552 B.R. 24, 35-36 (Bankr. D.P.R. 2016).

<u>Discussion</u>

However, the court after reading the parties' uncontested material facts finds that the parties disagree as to the material facts that are determinative to ascertain the outcome of this adversary proceeding because the evidence that supports certain allegations has not been provided as part of the discovery process. The Defendant alleges as a material uncontested fact that, "Mr. Dávila is owed $1,794.90, which comprises check no. 3875 of August 14, 2015 for $1,637.09 and another salary check for 2014; and Ms. Montenegro is owed $5,486.43, comprising check no. 4480 from November 6, 2015 for $1,044.22, check no. 4417 from October 23, 2015 for $1,044.22, and other salaries for 2014. See Exhibit 2" (Docket No. 31, Exhibit 2). The court notes that Exhibit 2 is a letter dated June 29, 2020 that bears the Sani-Plant, Co., Inc. letterhead and it is addressed to "whom it may concern" and states the following:

"We certify the salaries debt registry in the balance sheet are the following:

1. Alberto Dávila- $1,794.40-

   Check 3875 of 08/14/2015 $1,637.09

   The other salary check belong[s] to year 2014

2. Paula Montegro- $5,486.43-

   Check 4480 from 11/6/2015 for $1,044.22

-7-

Check 4417 from 10/23/15 for $1,044.22

The other salaries check belong to year 2014.

If you need any additional information please call our office the telephone is …." (Docket No. 31, Exhibit 2).

The letter is signed by Debtor Paula Montenegro and under her signature it reads, "Accounting Department."

The Trustee argues that the certification submitted is signed by joint Debtor Paula Montenegro but does not disclose in what capacity. Moreover, the certification alleges certain payment pertaining to the year 2015, but the Defendant did not provide information on the account receivables owed by Defendant to the Debtors. The certification does not state the period owed in salaries, assuming, without admitting, that payment was on such account. The certification is unsworn and submitted without any declaration under penalty of perjury. The Trustee contends that there are no copies of the mentioned checks in the record, nor has Defendant submitted evidence of salaries, commissions, reimbursements, or debt paid or owed to Debtors for any period prior to the Debtors' filing their bankruptcy petition. Moreover, the Trustee argues that no evidence has been submitted that the indicated amounts are on account of pre-petition wages and there is no record as to the detail of the account receivables owed in the years 2014 and 2015.

The court concludes that there are material contested facts as to the nature of the account receivables owed to the Debtors for work performed for the benefit of Sani-Plant and also regarding the corresponding period (years) and amounts of these account receivables. The court finds that the unsworn certification filed by the joint Debtor is self-serving and does not provide any backup documentation to support the assertions contained therein.

The court further finds that it does not have to address at this juncture whether the Trustee's claims are time barred pursuant 11 U.S.C. §108(a), given that the court has not been presented with any evidence regarding the corresponding dates and the nature of the amounts owed.

Conclusion

In view of the foregoing, the court denies the Defendant's *Motion for Summary Judgment* and grants the Trustee's *Opposition to Motion for Summary Judgment*. Furthermore, the court

orders the Defendant to comply with the discovery served by Plaintiff on June 5, 2020 within thirty (30) days from the date this Opinion and Order is entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of August, 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge